1
2
3
4
5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Richard Brian Martin, | Case No. 2:20-cv-11342-SB-SHK |
|---|---|
| Plaintiff, | |
| v. | INITIAL CIVIL RIGHTS CASE ORDER |
| Raybon C. Johnson, et al., | |
| Defendant(s). | |

    This case has been referred to Magistrate Judge Shashi H. Kewalramani for pretrial proceedings.

    Plaintiff is advised that the court is screening the complaint in this action pursuant to 28 U.S.C. § 1915(e)(2) and 1915A.  Until the complaint has been screened and the court orders that service of process may occur, plaintiff may <u>not</u> proceed with service of process upon defendants.  Should the court determine that the complaint may be served upon defendants, the court will provide plaintiff with instructions regarding service of process in a separate order.

    In preparing and submitting all pleadings and correspondence, plaintiff must comply with the following requirements:

1. All future pretrial documents submitted in this case are to be submitted for filing either by direct filing at the court's filing window, or should be addressed to: "Clerk, U.S. District Court, 3470 12th Street, Riverside, CA 92501."

2. All documents must include the title and case number (including any initial letters).

3. At the top of the first page of any document sent to the court, plaintiff must provide his or her name and mailing address, including any information needed for mail to be delivered, such as prisoner number or building number. The court will assume the address is correct and will continue to use it to communicate with plaintiff until informed of a change.

4. All documents must be legibly and clearly typed, printed or handwritten, on one side of the paper only, and should have at least a one-inch margin at the top of each page.

5. Plaintiff must send the court one copy of each document submitted for filing.

6. Plaintiff is advised to keep a copy for himself or herself of any document sent to the court.

7. Once any defendant has appeared or has been served with the complaint and summons, when plaintiff sends a new document to the court the plaintiff must serve it on each defendant by mailing a copy to the defendant or, if the defendant is represented by counsel, to the defendant's attorney, at the address for defendant or defendant's attorney shown on court orders or the defendant's filings. Plaintiff must also attach to the document sent to the court a "proof of service" stating, under penalty of perjury, that a copy was mailed to each defendant or each defendant's attorney and when it was mailed. If any pleading or other paper submitted to the court by plaintiff does not include a proof of service upon the defendants or defense counsel, it may be stricken from the case and disregarded by the court.

8.  As long as this action is pending, plaintiff must <u>immediately</u> notify the court (and the defendants or the defendants' attorneys) of any change in plaintiff's address and the effective date. If plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> If mail directed by the Clerk to a <u>pro se</u> plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Notwithstanding Local Rule 16-12(c), in cases in which any plaintiff appears <u>pro se</u>, the parties must meet and confer in compliance with Local Rule 7-3, unless the <u>pro se</u> plaintiff is incarcerated.

Compliance with these requirements, and with all other court rules, will help the court to avoid unnecessary delays in deciding this case.

Dated: 1/28/2021

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

3